FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

APRIL 30, 2026

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
APRIL 30, 2026

SARAH R. PENDLETON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

In the Matter of the Recall of

STEVE HOBBS, Secretary of State for the
State of Washington.

)
)
)
)
)
)
)
)
)
)

No. 104322-8

En Banc

Filed: <u>April 30, 2026</u>

MUNGIA, J. — If a person wants to recall a public official from their office, that person must file a recall petition that is both legally and factually sufficient.

Tim Eyman filed a recall petition against Secretary of State Steve Hobbs. The trial court dismissed the petition finding it was both legally and factually insufficient. Without addressing whether the petition is factually sufficient, we affirm the trial court's dismissal on the basis that the petition is legally insufficient.

I. FACTUAL BACKGROUND

The legislature passed Engrossed Substitute House Bill (ESHB) 1296 in 2025, and it was enacted into law that year. The bill's preamble states it is an act "[r]elating to promoting a safe and supportive public education system through student rights, parental and guardian rights, employee protections, and requirements for state and local education entities." ESHB 1296, 69th Leg., Reg. Sess. (Wash. 2025).

Section 603 of the bill contains an emergency clause:

Except for section 308 of this act, this act is necessary for the immediate preservation of the public peace, health, or safety, or support of the state government and its existing public institutions, and takes immediate effect.

ESHB 1296.

Mr. Eyman submitted a proposed referendum on section 501 of ESHB 1296. Clerk's Papers (CP) at 52, 71-77. The secretary of state's elections division informed Mr. Eyman that it was unable to file the proposed referendum because ESHB 1296 includes an emergency clause and is therefore exempt from referendum. CP at 51.

On April 29, 2025, Mr. Eyman petitioned this court for a writ of mandamus to compel Secretary Hobbs to file the proposed referendum pursuant to RCW 29A.72.040. CP at 89-96. Eight justices held that the legislature's determination of an emergency was valid. *Eyman v. Hobbs*, 5 Wn.3d 653, 655, 668, 579 P.3d 27 (2025) (plurality opinion). Therefore, ESHB 1296 section 501 was not subject to referendum. *Id.* We denied the petition for mandamus.

On May 23, 2025, Mr. Eyman filed this recall petition against Secretary Hobbs arising from the same facts. CP at 4-13. Mr. Eyman claims Secretary Hobbs violated his oath of office or committed misfeasance by refusing to transmit a copy of a referendum measure to the attorney general as required by RCW 29A.72.040. CP at 14.

The superior court dismissed the recall petition after a hearing, determining that the petition was legally and factually insufficient. CP at 219-21. Mr. Eyman appealed to this court.

## II. LEGAL PRINCIPLES

The Washington Constitution allows a voter to file a petition to recall an elected official if the voter believes the official has committed an act of malfeasance or misfeasance or has violated their oath of office. WASH. CONST. art. I, § 33. "Misfeasance" is "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty" and "performance of a duty in an improper manner." RCW 29A.56.110(1)(a). "Violation of the oath of office" is "neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(2).

For a recall petition to survive a motion to dismiss, it must be both factually and legally sufficient. To be factually sufficient, a petition, taken as a whole, must state sufficient facts to inform the official and voters of the alleged acts, or failure to act, that would constitute a prima facie showing of misfeasance or malfeasance or would show that the official violated their oath of office. *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). To be legally sufficient, the alleged acts must go beyond an appropriate exercise of discretion and must amount to misfeasance, malfeasance or a violation of the oath of office. *Id.* If the petitioner alleges that the public official should be recalled because they violated the law, the petition must allege facts that demonstrate that the official intended to violate the law. *In re Recall of Weyrich*, 3 Wn.3d 614, 621, 554 P.3d 1202 (2024).

A superior court makes an initial finding of the factual and legal sufficiency of a recall petition. RCW 29A.56.140. On appeal, a court reviews de novo the trial court's

finding of factual and legal sufficiency. *In re Recall of Bird*, 1 Wn.3d 419, 428, 527 P.3d 1141 (2023).

### III. THE RECALL PETITION IS LEGALLY INSUFFICIENT

Mr. Eyman alleges that Secretary Hobbs should be subject to a recall election because Secretary Hobbs violated RCW 29A.72.040. That statute provides:

> The secretary of state shall give a serial number to each initiative, referendum bill, or referendum measure, using a separate series for initiatives to the legislature, initiatives to the people, referendum bills, and referendum measures, and forthwith transmit one copy of the measure proposed bearing its serial number to the attorney general.

RCW 29A.72.040. Mr. Eyman argues that the word "shall" in this statute creates a nondiscretionary duty. He alleges that Secretary Hobbs' failure to promptly transmit Referendum 108 to the attorney general interfered with the referendum power reserved by the people. WASH. CONST. art. II, § 1(b). Mr. Eyman accordingly argues that Secretary Hobbs committed misfeasance and violated his oath of office. However, Mr. Eyman overlooks the constitution's "emergency clause" exception to the referendum right.

Under our state constitution, a law enacted by the legislature is not subject to a referendum if it is "necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions." *Id*. When this type of declaration appears in a bill, it is referred to as an emergency clause. We have long held that the legislature's declaration of an emergency is conclusive unless the declaration, "on its face, is obviously false and a palpable attempt at dissimulation." *State ex rel. Hamilton v. Martin*, 173 Wash. 249, 257, 23 P.2d 1 (1933). Our substantial

deference to legislative declarations of emergency aims to avoid separation of powers concerns. *Wash. State Farm Bureau Fed'n v. Reed*, 154 Wn.2d 668, 676, 115 P.3d 301 (2005).

ESHB 1296 contains an emergency clause. ESHB 1296, § 603. In *Eyman*, this court previously decided that the emergency clause in ESHB 1296 is valid. 5 Wn.3d at 655, 668. The lead opinion in that case, applying a deferential standard of review, concluded that "the Secretary had no mandatory duty to process the proposed referendum on ESHB 1296, § 501 in light of the valid emergency clause." *Id.* at 667. Justice González, writing separately, concurred that the emergency clause in the bill is valid because "the legislature's determination is clear and not a palpable attempt at dissimulation." *Id.* at 668.

Because a majority of the court determined that the emergency clause in ESHB 1296 is valid, the law is exempt from a referendum. Therefore, Mr. Eyman's petition is legally insufficient.

## IV. CONCLUSION

Mr. Eyman's recall petition is legally insufficient. He has failed to identify substantial conduct clearly amounting to misfeasance, malfeasance, or violation of the oath of office. We affirm the superior court's dismissal of the recall petition.

Mungia, J.

WE CONCUR:

Stephens, C.J.

Montoya-Lewis, J.

Johnson, J.

Whitener, J.

González, J.

Melody, J.

Gordon McCloud, J.

Madsen, J. PT.